# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN DODD,

        Plaintiff,

      v.                                     Case No:  8:09-CV-1872-T-27AEP

CHRIS JAMES WOODS, FILM
RANCH INTERNATIONAL, INC.,
ROBERT ELFSTROM,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the following motions:

(1)     Plaintiff Brian Dodd's Motion for Leave to Amend Complaint (Dkt. No. 43);

(2)     Plaintiff Brian Dodd's Motion to Add Parties (Dkt. No. 38); and

(3)     Defendant Film Ranch International Inc.'s Amended Motion to Dismiss (Dkt.

No. 35), Plaintiff Brian Dodd's Objection to Motion to Dismiss (Dkt. No. 36)

and Defendant Film Ranch International Inc.'s Motion for Leave to File Reply

to Plaintiff's Objection to Motion to Dismiss (Dkt. No. 41).

The Court has carefully reviewed the pleadings and is otherwise fully advised in the

premises.[1,2]

---

[1] The Court notes that Plaintiff Brian Dodd is proceeding in this action *pro se*.

[2] The above-mentioned Motions were referred to the undersigned by the Honorable
James D. Whittemore.  (Dkt. No. 49.)

## I.  *Factual Background*

On September 14, 2009, Plaintiff Brian Dodd ("Dodd") filed a Complaint (Dkt. No. 1) alleging several causes of actions against the named Defendants.  This action appears to have arisen after Defendant Chris Woods allegedly stole Dodd's manuscript entitled "Anonymity" and gave it to Defendant Film Ranch International, who allegedly used it in producing a film entitled "Brainjacked."  The pertinent facts with respect to the allegations against the Defendants, as alleged in the Complaint and which must be accepted as true for purposes of a Motion to Dismiss, are as follows.

Dodd creates and writes various literary works including screenplays, poetry, songs, and short stories.  (Dkt. No. 1 at 2.)  In particular, Dodd created a manuscript and film production entitled "Anonymity" with the secondary title of "Anonymity: The History of Straight Incorporated."  (*Id.* at 3, ¶ 7.)  Dodd registered the manuscript and production of Anonymity with the U.S. Copyright Office and with the Writer's Guild of America.  (*Id.* ¶ 8.)  Dodd collaborated with Defendant Chris Woods ("Woods") during the creation of Anonymity under a Collaboration Agreement and Non-Disclosure and Non-Compete Agreements.  (*Id.* ¶ 10.)  Woods allegedly breached those agreements when he contacted Andrew Allan and Andrew Charles Lalino of Defendant Film Ranch International Inc. ("Film Ranch").  (*Id.* ¶ 12.)  Dodd alleged that Woods and Film Ranch "proceeded to steal and use and borrow" Anonymity without his permission in producing a "strikingly similar" and "infringing production" of a feature length movie entitled "Brainjacked."  (*Id.* ¶ 12.)  Specifically, Dodd alleged that "[t]he entire concepts and inception methods, and main character name of [Anonymity] are used within Br[ai]njacked."  (*Id.* ¶ 13.)  Dodd described Anonymity as being

2

very personal and of a private nature because Anonymity was a non-fictional creation wherein

specific concepts and events of the stories within Anonymity depicted abuse that actually took

place [at Straight, Inc.]. (*Id.* at 4, ¶ 15.)

Finally, Dodd alleged that he suffered emotional distress and a loss of revenue as a

result of the Defendants' alleged infringement of Anonymity. (*Id.* at 4, ¶¶ 18-20.)

On March 18, 2010, Film Ranch filed its Amended Motion to Dismiss. (Dkt. No. 35.)

Dodd filed a response on March 24, 2010. (Dkt. No. 36.) Dodd subsequently filed a Motion

to Add Parties (Dkt. No. 38) and a Motion for Leave to Amend Complaint (Dkt. No. 43).

## II.    *Applicable Legal Standard for Motion to Dismiss*

Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain

"a short and plain statement of the claim showing the pleader is entitled to relief." FED. R.

CIV. P. 8(a)(2). If the complaint fails to state a claim upon which relief may be granted, a

motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In

deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

must accept all factual allegations in a complaint as true and take them in the light most

favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir.

2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). "Factual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must

plead enough facts to state a plausible basis for the claim. *Id.*; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed'") (*quoting Twombly*, 550 U.S. at 555-56). Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Court also recognizes that Plaintiff is proceeding in this matter *pro se*. In reviewing the Complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

### III.   *Discussion*

#### A.   **Film Ranch's Amended Motion to Dismiss**.

Film Ranch's Amended Motion to Dismiss argues that Dodd's Complaint fails to state a cause of action upon which relief may be granted because Dodd has failed to allege in his Complaint "that Film Ranch copied any constituent or specific elements of [Anonymity]." (Dkt. No. 35 at 4.) Additionally, Film Ranch argues that Dodd inappropriately cites the

4

Digital Millennium Copyright Act ("DMCA") because the Complaint fails to allege efforts by Film Ranch to commit online infringement.  (*Id.* at 5-6.)

Dodd argues that he is entitled as a *pro se* party to have his Complaint construed liberally under *Haines*.  Also, Dodd argues that Film Ranch's Amended Motion to Dismiss is improper because this Court found in its Order of October 2, 2009, allowing Dodd to proceed *in forma pauperis*, that Dodd stated a claim for copyright infringement.

The Court acknowledges that in its Order of October 2, 2009, the Court found under a liberal construction, "sufficient facts [were] alleged to state a claim upon which relief may be granted as to at least the copyright infringement claim." (Dkt. No. 4.)  However, for the reasons explained below, and after further consideration in light of Film Ranch's arguments, the Court agrees that Dodd's Complaint fails to state a cause of action for copyright infringement.  *See also* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, *the court shall dismiss the case at any time if* the court determines that ... (B) the action ... (ii) fails to state a claim on which relief may be granted . . . ") (emphasis added).

To establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  "To satisfy *Feist*'s first prong, a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (citations omitted).  A plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works

are 'substantially similar.' *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223

(11th Cir. 2008).[3]

Substantial similarity exists "where an average lay observer would recognize the

alleged copy as having been appropriated from the copyrighted work." *Id.* (*quoting Original*

*Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982)). In

particular, a copyright plaintiff "must establish specifically that the allegedly infringing work

is substantially similar to the plaintiff's work with regard to its protected elements." *Leigh v.*

*Warner Bros., Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000). "Thus, in an action for

infringement, it must be determined both whether the similarities between the works are

substantial from the point of view of the lay [observer] and whether those similarities involve

copyrightable material." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir.

1999).

### 1.    Ownership of a Valid Copyright.

Film Ranch does not necessarily contest Dodd's ownership of a copyright in its

Motion to Dismiss. Indeed, Film Ranch acknowledges that a dramatic work entitled

*Anonymity: A History of Straight Incorporated*, was registered on December 17, 2008, under

Registration No. PA0001653082. (Dkt. No. 35 at 1.) Furthermore, in his Complaint Dodd

alleges that he "registered and kept impeccable records of the creation of the manuscript and

production titled "ANONYMITY", which is now involved in a copyright registration and

---

[3] If the plaintiff cannot demonstrate access, he still may establish copying by showing
that the works are "strikingly similar." *Id.* (*citing Corwin v. Walt Disney Co.*, 475 F.3d 1239,
1253 (11th Cir. 2007)).

claim with the U.S. Office of Copyright." (Dkt. No. 1 at 3, ¶ 8.) Accepting those factual allegations as true and construing them in the light most favorable to Dodd, the Court finds that Dodd has sufficiently alleged ownership of a valid copyright.

### 2. Copying.

Film Ranch primarily challenges whether Dodd has sufficiently alleged that Brainjacked copied any constituent or specific elements of Anonymity. The Court agrees that Dodd's Complaint fails to plead enough facts to state a claim that Film Ranch copied Anonymity.

Dodd alleged that Defendant Woods had access to his manuscript and that Defendant Woods shared this manuscript with Andrew Allen and Andrew Lalino of Film Ranch. (Dkt. No. 1 at 3, ¶¶ 10-12.) Thus, Dodd has sufficiently alleged that Film Ranch had access to Anonymity. *See Herzog*, 193 F.3d at 1249 ("This circuit . . . regards a 'reasonable opportunity to view' as access."); *see also Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009) ("[E]vidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work is sufficient to establish access by the defendant").

Although the Court finds Dodd has sufficiently alleged Film Ranch had access to Anonymity, Dodd has not sufficiently alleged that Anonymity and Brainjacked are substantially similar. *See Oravec*, 527 F.3d at 1223 ("A plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work *and* that the works are 'substantially similar.'") (emphasis added). Dodd alleged that Film Ranch stole and used Anonymity to produce "their own Strikingly Similar and infringing production and feature length movie entitled "BRAINJACKED." (Dkt. No .1 at 3, ¶ 12.) Although Dodd conclusory

7

alleged that Brainjacked and Anonymity are "strikingly similar," the Court need not accept

that allegation as true because it is merely a legal conclusion. *See Iqbal*, 129 S. Ct. at 1949.

Beyond that conclusory statement, Dodd makes only one factual allegation in the Complaint

regarding the alleged similarities between Brainjacked and Anonymity:

> 13.     The entire concepts and inception methods, and main character name of my
> manuscript and production are used within Br[ai]njacked.

(Dkt. No. 1 at 3, ¶ 13.)

In a copyright action, the similarity between two works must concern the expression

of ideas, not the ideas themselves. *Oravec*, 527 F.3d at 1224. Here, Dodd has only generally

alleged that the two works are similar in concept and method, and that a character from

Brainjacked has the same name as the main character from Anonymity. As an initial matter,

copyright protection does not extend to Dodd's ideas, concepts or methods. *See* 17 U.S.C. §

102(b) ("In no case does copyright protection for an original work of authorship extend to any

idea, . . . method of operation, concept, . . . regardless of the form in which it is described,

explained, illustrated, or embodied in such work."). Therefore, aside from a character from

each work sharing a name, (which by itself could not amount to substantial similarity), Dodd

has failed to allege any other specific aspects of Anonymity and Brainjacked that are similar.

While Dodd need not plead an abundance of specific facts at the pleading stage, Dodd

must give Film Ranch "fair notice of what the . . . the claim is and the grounds upon which it

rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). In

this case, Dodd's Complaint fails to delineate a sufficient basis upon which Anonymity and

Brainjacked are substantially similar, making it impossible for Film Ranch to answer or

defend against Dodd's claim. *See Martinez v. McGraw*, No. 3:08-0738, 2010 WL 1493846, at *6 (M.D. Tenn. Apr. 14, 2010) (*citing Phillips v. Murdock*, 543 F. Supp. 2d 1219, 1227 (D. Haw. 2008)). Thus, based on the Complaint in its present form, the Court can only conclude that Dodd seeks protection for the ideas from Anonymity rather than Dodd's original expression. *See Hill v. Gaylord Entm't*, No. 07-60745-CIV, 2008 WL 115441, at *5 (S.D. Fla. Jan. 9, 2008) (dismissing complaint without prejudice for failing to allege what specific aspects of the movie *Donnie Darko* infringed plaintiff's copyrighted work). Accordingly, the undersigned recommends that Film Ranch's Amended Motion to Dismiss be granted, with leave to Dodd to amend his Complaint. *See Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 77 (5th Cir. 1961) (stating that as a general rule, when a judgment of dismissal is ordered under 12(b)(6) the unsuccessful pleader must be given an opportunity to file an amendment unless it appears reasonably certain that he can not make out a claim).[4]

### 3. DMCA Claim.

Film Ranch also argues that Dodd inappropriately cites the Digital Millennium Copyright Act ("DMCA") because the Complaint fails to allege efforts by Film Ranch to commit online infringement. (*Id.* at 5-6.) Dodd seeks relief under the DMCA (Dkt. No. 1 at 5, ¶ 26), however the Court agrees with Film Ranch that there are no facts alleged in the Complaint which support this claim.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

The DMCA was enacted both to preserve copyright enforcement on the Internet and to provide immunity to service providers[5] from copyright infringement liability under certain circumstances. *ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir. 2001) (citations omitted). The DMCA has three liability provisions. *See* 17 U.S.C. § 1201 *et seq.* The statute first prohibits the circumvention of "a technological measure that effectively controls access to a work protected [by copyright]." 17 U.S.C. § 1201(a)(1). The statute then prohibits selling devices that circumvent access-control measures. 17 U.S.C. § 1201(a)(2). Finally, the statute bans devices that circumvent "technological measures" protecting "a right" of the copyright owner. 17 U.S.C. § 1201(b). Here, Dodd's Complaint fails to allege any facts which support a cause of action against Film Ranch under any of the liability provisions of the DMCA. Thus, the Complaint fails to state a claim under the DMCA and the undersigned recommends that Film Ranch's Amended Motion to Dismiss be granted on this ground as well, with leave to Dodd to amend his Complaint. As such, the undersigned also recommends that Film Ranch's Motion for Leave to File Reply (Dkt. No. 41) be denied as moot.

---

[5] As used in 17 U.S.C.A. § 512(a), the term "service provider"means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received. 17 U.S.C. § 512(k)(1)(A).

**B.      Dodd's Motions to Amend Complaint and Add Parties.**

Dodd requests that the Court grant him leave to add various parties to this action

pursuant to Rule 19 of the Federal Rules of Civil Procedure.[6]  (Dkt. No. 38.)  The Motion to

Add Parties is apparently unopposed.  (*Id.*; Dkt. No. 42.)  Dodd represents that the additional

parties[7] should be joined because they contracted with Dodd to create Anonymity, and they

are in breach of contract like the named Defendants.  (Dkt. No. 38 at 4-5.)  The Court notes

that the Motion to Add Parties is timely as the agreed-upon deadline for joinder of parties and

Court imposed deadline for amending the pleadings is not until November 2010.  (*See* Dkt.

Nos. 44, 52.)  The disposition of joinder motions are within the district court's discretion.

*Gentry v. Smith*, 487 F.2d 571, 580 (5th Cir. 1973).

Dodd refers to Rule 19, which pertains to adding indispensable parties, as grounds for

joining the additional parties.  The determination of whether a party is indispensable under

Rule 19 turns on (1) the extent to which a judgment might affect the absent party (2) the

extent to which the prejudice to the absent party may be avoided by the shaping of relief, (3)

whether a judgment rendered in the party's absence will be adequate, and (4) whether the

plaintiff will have an adequate remedy if the action is dismissed.  *See Marrero Enters. of*

*Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036-CIV, 2007 WL 4218990, at \*1 (S.D.

Fla. Nov. 29, 2007).  The Court is not satisfied that the reasons provided by Dodd for joining

---

[6] Rule 19 provides in part: "A person . . . must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties."  FED. R. CIV. P. 19(a).

[7] Specifically, Melvin Sembler, Betty Sembler, Walter Loebenberg, Virgil Newton, Mel Riddile, Joseph Zappala, and Robert DuPont (hereinafter, the "additional parties").

the additional parties meet the above requirements for joinder under Rule 19. This action concerns alleged copyright infringement by the Defendants, arising out of the alleged breach of a non-disclosure agreement and wrongful disclosure of Anonymity by Defendants Woods and Elfstrom to Film Ranch, who allegedly used Anonymity to produce Brainjacked. Dodd states that the additional parties will not be prejudiced by being added to this case, and that they have an "interest" in Dodd's copyrighted work. (Dkt. No. 38 at 2.) Dodd states that a contract existed between him and the additional parties concerning Anonymity, however it is not clear that the contract had anything to do with the subsequent production of Brainjacked. (*Id.* at 4-5.) As such, Dodd has not shown that complete relief with respect to this copyright infringement action cannot be obtained unless the additional parties are added. Therefore, the Court recommends that Dodd's Motion to Add Parties under Rule 19 be denied.

To the extent that the Dodd's Motion to Add Parties is construed under Rule 20 of the Federal Rules of Civil Procedure, the Court would also deny the Motion for similar reasons.[8] Under Rule 20, joinder is proper where the plaintiff seeks relief from the individuals to be added as party defendants as the result of the same series of transactions or occurrences upon which the complaint is based and there exists a question of law or fact common to all of the parties. FED. R. CIV. P. 20. Again, it is not clear that the alleged breach of contract by the additional parties has anything to do with the breach of contract by Defendants Woods and Elfstrom, which allegedly led to the infringing production of Brainjacked.

---

[8] Rule 20 pertains to the permissive joinder of parties and provides in part: "Persons . . . may be joined in one action as defendants if: any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Finally, the Court notes that it is keenly aware of recent actions brought by Dodd against some of the proposed additional parties in this Court, for their alleged role in Dodd's experience at Straight, Inc.[9] Each of those actions (alleging numerous causes of action and naming numerous other defendants) were dismissed for failure to state a claim . Therefore, the Court is also reluctant to grant Dodd's Motion to Add Parties based on Dodd's vague allegations of a breach of contract claim where those parties do not appear to be connected to this copyright infringement action, but rather appear to be connected to Dodd's experience at Straight, Inc. Accordingly, the undersigned recommends that Dodd's Motion to Add Parties be denied at this time.

With respect to Dodd's Motion for Leave to Amend Complaint (Dkt. No. 43), the undersigned has recommended that Dodd's Complaint be dismissed without prejudice, with leave to amend. Therefore, the undersigned recommends that the Motion for Leave to Amend Complaint be denied as moot.

**IV.** *Conclusion*

For the foregoing reasons it is **RECOMMENDED**:

(1)     Defendant Film Ranch International Inc.'s Amended Motion to Dismiss (Dkt. No. 35) be **GRANTED**, with leave to Plaintiff Brian Dodd to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure;

---

[9] *See* Case Nos. 8:10-cv-0021-T-23TGW (naming DuPont, Melvin Sembler, and Betty Sembler as defendants); 8:10-cv-0558-T-26TGW (naming the Sembler Company as a defendants); and 8:10-cv-0654-T-26TBM (naming Melvin and Betty Sembler as defendants).

(2)　　Defendant Film Ranch International Inc.'s Motion for Leave to File Reply to Plaintiff's Objection to Motion to Dismiss (Dkt. No. 41) be **DENIED AS MOOT**;

(3)　　Plaintiff Brian Dodd's Motion to Add Parties be **DENIED** (Dkt. No. 38); and

(4)　　Plaintiff Brian Dodd's Motion for Leave to Amend Complaint be **DENIED AS MOOT** (Dkt. No. 43) .

**IT IS SO REPORTED** at Tampa, Florida, this 14th day of May, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

**Copies furnished to:**

Honorable James D. Whittemore

Counsel of Record

*Pro se* parties