UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN DODD,**

    **Plaintiff,**

v.                                      Case No: 8:09-CV-1872-T-27AEP

**CHRIS JAMES WOODS, FILM RANCH INTERNATIONAL, INC., ROBERT ELFSTROM,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Defendant Film Ranch International Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, filed on July 19, 2010. (Dkt. No. 59.) Plaintiff Brian Dodd filed a response on July 23, 2010. (Dkt. No. 60.)

Film Ranch previously filed a motion to dismiss (Dkt. No. 35) which the Court granted, but the Court also granted leave to Dodd to file an amended complaint (Dkt. Nos. 53, 54). Dodd filed an Amended Complaint (Dkt. No. 58) on June 28, 2010. Thereafter, Film Ranch filed the instant Motion to Dismiss (Dkt. No. 59).

The Court has carefully reviewed the pleadings and is otherwise fully advised in the premises.[1,2]

---

[1] The Court notes that Plaintiff Brian Dodd is proceeding in this action *pro se*.

[2] Film Ranch's Motion to Dismiss Plaintiff's Amended Complaint was referred to the undersigned by the Honorable James D. Whittemore. (Dkt. No. 67.)

I.      **Factual Background**

Dodd's Amended Complaint (Dkt. No. 58) alleges several claims for relief against the named Defendants. This action appears to have arisen after Defendant Chris Woods ("Woods") allegedly stole Dodd's manuscript entitled "Anonymity" and gave it to Defendant Film Ranch, who allegedly used it in producing a film entitled "Brainjacked." The pertinent facts with respect to the allegations against the Defendants, as alleged in the Amended Complaint and which must be accepted as true for purposes of a Motion to Dismiss, are as follows.

Dodd created a manuscript and film production entitled "Anonymity" which is apparently based on actual experiences of Dodd's and other "survivors and victims" at Straight, Inc.[3] (Dkt. No. 58 at 5, ¶¶ 21-22.) Dodd registered the manuscript and production of Anonymity with the U.S. Copyright Office and with the Writer's Guild of America. (*Id.* at 6, ¶¶ 26-27.) Dodd collaborated with Woods during the creation of Anonymity under a Collaboration Agreement and Non-Disclosure and Non-Compete Agreements. (*Id.* ¶ 28.) Woods allegedly breached those agreements when he disclosed Anonymity to Film Ranch. (*Id.* at 8, ¶ 37.) Dodd alleged that Film Ranch and Woods "proceeded to steal and use and borrow" Anonymity without Dodd's permission in producing a strikingly similar and infringing production of a feature length movie entitled "Brainjacked." (*Id.* at 8-9, ¶ 37.) Specifically, Dodd alleged that Brainjacked has a character in it named Alex, and that Anonymity has a character in it named Alex Dodd. (Dkt. No. 58 at 15, ¶¶ 44(f)-(g).) Additionally, Dodd alleged that the character Alex in Anonymity goes to a rehab center for youth, just as a character named Tristan Davis in Brainjacked is lured to a rehab

---

[3] Straight, Inc. was a "boot camp / treatment facilit[y]" where Dodd and others were allegedly abused in the 1980s. (Dkt. No. 58 at 4-5, ¶¶ 18, 22.)

center.  (*Id.* ¶¶ 44(e), 44(g).)  Dodd further alleged that terms and concepts from Anonymity such as a "youth rehabilitation center," a "cult," and "teenage mind control" are infringed upon by Brainjacked.  (*Id.* at 16, ¶¶ 44(j)-(l).)

Dodd alleged that he suffered emotional distress and a loss of revenue as a result of the Defendants' alleged infringement of Anonymity.  (*Id.* at 9-10, ¶¶ 39-40.)  Finally, in the Amended Complaint Dodd alleged that Defendants Woods and Film Ranch committed perjury by misrepresenting the nature of their finances in a request for a stay of this action in a previous motion (*see* Dkt. No. 48).  (Dkt. No. 58 at 17, ¶ 45.)

## II.  <u>Applicable Legal Standard for Motion to Dismiss</u>

Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed'") (*quoting Twombly*, 550 U.S. at 555-56). Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A court's review on a motion to dismiss is "limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Here, Dodd has attached hundreds of pages of extraneous documents to the Amended Complaint. (*See* Dkt. No. 58 Exs. A-S.) While some of the attached exhibits are relevant to this action, many are highly irrelevant and inappropriate. In any event, the undersigned notes that he has considered the attached exhibits when appropriate in considering Film Ranch's Motion to Dismiss.

The Court also recognizes that Dodd is proceeding in this matter *pro se*. In reviewing the Complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v.*

*County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

### III.  Discussion

Film Ranch's Motion to Dismiss argues that Dodd's Amended Complaint fails to state a claim upon which relief may be granted because Dodd has failed to allege in his Amended Complaint "that Film Ranch copied any constituent or specific elements of [Anonymity]." (Dkt. No. 59 at 5.) Additionally, Film Ranch argues that Dodd has failed to allege that the works are substantially similar. (*Id.* at 6.) Film Ranch further argues that Dodd's remaining claims based on employment discrimination, breach of contract, theft, intentional infliction of harm and emotional distress, and perjury, also lack merit. (*Id.* at 4-7.)

Dodd's Response (Dkt. No. 60) fails to address any of Film Ranch's arguments that the Amended Complaint fails to state a claim. Instead, Dodd argues that he has reserved the right to amend his complaint, without limitation. (*Id.* at 2.) Additionally, Dodd asserts that the Motion to Dismiss is a stall tactic and that he should be allowed to proceed to discovery. (*Id.* at 2-3.)

The Court finds Dodd's arguments without merit. First, Dodd may not reserve the right to amend his complaint without limitation. *See* Fed. R. Civ. P. 15(a) (providing when an amendment may be made as a matter of course or when leave of court is required). Second, discovery was stayed in this action by the Court until Film Ranch's Motion to Dismiss was decided. (Dkt. No. 51.) If Dodd cannot sufficiently state a cause of action in his Amended Complaint, it is entirely inappropriate for Dodd to use discovery as a means to investigate his

allegations to later file a complaint which articulates a cause of action. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). Accordingly, the Court shall address the merits of Film Ranch's Motion to Dismiss.

### A.    Dodd's Copyright Claim.

The Court first addresses whether Dodd's Amended Complaint states a claim for copyright infringement. It must be noted that in a prior Order (Dkt. No. 54), which adopted the Report and Recommendation (Dkt. No. 53) by the undersigned, the Court found that Dodd's Complaint (Dkt. No. 1) failed to state a claim for copyright infringement. Specifically, the Court found that although Dodd sufficiently alleged ownership of a valid copyright, Dodd failed to allege facts that Film Ranch copied Anonymity. (Dkt. No. 53 at 6-9.) The Court granted Dodd an opportunity to amend his complaint to allege additional facts to support his claim that Film Ranch copied Anonymity in producing Brainjacked. For the reasons explained below, the Court finds that the Amended Complaint also fails to state a claim for copyright infringement.[4]

To establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

---

[4] The undersigned notes that Dodd's Amended Complaint contains few new facts to support his claim of copyright infringement. Thus, in finding that the Amended Complaint fails to state a claim for copyright infringement, much of the Court's analysis is similar, if not identical, to its earlier Report and Recommendation.

original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). "To satisfy *Feist*'s first prong, a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (citations omitted). A plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works are 'substantially similar.' *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008).[5]

Substantial similarity exists "where an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Id.* (*quoting Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982)). In particular, a copyright plaintiff "must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work with regard to its protected elements." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000). "Thus, in an action for infringement, it must be determined both whether the similarities between the works are substantial from the point of view of the lay [observer] and whether those similarities involve copyrightable material." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999).

### 1. Ownership of a Valid Copyright.

Film Ranch does not necessarily contest Dodd's ownership of a copyright in its Motion to Dismiss. In the Amended Complaint Dodd alleges that "ANONYMITY is registered with the United States Office of Copyright" under Registration Number PA1653082. (Dkt. No. 58 at 26.)

---

[5] If the plaintiff cannot demonstrate access, he still may establish copying by showing that the works are "strikingly similar." *Id.* (*citing Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007)).

Accepting that factual allegation as true and construing it in the light most favorable to Dodd, the Court finds that Dodd has sufficiently alleged ownership of a valid copyright.

### 2.   Copying.

Film Ranch primarily argues that Dodd has not sufficiently alleged that Brainjacked copied any constituent or specific elements of Anonymity. The Court agrees that the Amended Complaint fails to plead enough facts to state a claim that Film Ranch copied Anonymity.

Dodd alleged that Defendant Woods had access to the Anonymity manuscript and that Defendant Woods shared this manuscript with Film Ranch. (Dkt. No. 58 at 6, 8-9, 14-15, ¶¶ 28, 37 and 44(f)) Thus, Dodd has sufficiently alleged that Film Ranch had access to Anonymity. *See Herzog*, 193 F.3d at 1249 ("This circuit . . . regards a 'reasonable opportunity to view' as access."); *see also Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009) ("[E]vidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work is sufficient to establish access by the defendant").

Although the Court finds Dodd has sufficiently alleged Film Ranch had access to Anonymity, Dodd has not sufficiently alleged that Anonymity and Brainjacked are substantially similar. *See Oravec*, 527 F.3d at 1223 ("A plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work *and* that the works are 'substantially similar.'") (emphasis added). Dodd alleged that Film Ranch stole and used Anonymity to produce an "infringing production and feature length movie entitled Brainjacked," which was "in likeness and striking similarity" to Anonymity. (Dkt. No. 58 at 8, ¶¶ 37(a)-(c).) Although Dodd conclusory alleged that Brainjacked and Anonymity are strikingly similar, the Court need not

8

accept that allegation as true because it is merely a legal conclusion. *See Iqbal*, 129 S. Ct. at 1949. Beyond that conclusory statement, Dodd makes the following factual allegations in the Amended Complaint regarding the alleged similarities between Brainjacked and Anonymity:

(1) Brainjacked is the story of Tristan Davis, a young runaway who is lured to The Garden, a rehab center for homeless youth. Anonymity is a production that also involves a rehab center for youth. (Dkt. No. 58 at 15, ¶¶ 44(f)(e)-(f)(g).)

(2) Brainjacked has a character in it named Alex, while Anonymity has a character in it named Alex Dodd. (*Id.* at 15, ¶ 44(f)(g).)

(3) Brainjacked and Anonymity involve the concepts of mind-controlled teenage slaves and cults. (*Id.* at 16, ¶¶ 44(f)(j)-(f)(l).)

In a copyright action, the similarity between two works must concern the expression of ideas, not the ideas themselves. *Oravec*, 527 F.3d at 1224. Here, Dodd has only generally alleged that the two works are similar in concept and method: that a character from each work share the same first name, and that the concepts of a youth rehabilitation center, mind-controlled teenage slaves, and a cult exist in each work. The Court further notes that the Amended Complaint acknowledges that Brainjacked is a "sci-fi and horror fantasy" movie, while Anonymity is based on non-fictional events. (Dkt. No. 58 at 9, 15, ¶¶ 38, 44(f)(e).)

As previously stated by the Court, copyright protection does not extend to Dodd's ideas, concepts or methods. *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, . . . method of operation, concept, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."). Therefore, because the few similarities that are alleged to exist between Anonymity and Brainjacked are merely concepts or ideas, the Amended Complaint remains deficient. *See Hill*

9

*v. Gaylord Entm't*, No. 07-60745-CIV, 2008 WL 115441, at *5 (S.D. Fla. Jan. 9, 2008) ("Basing one's creative idea on someone else's creative idea is not a basis for liability under the Copyright Act."). The Amended Complaint fails to plead specific facts at the pleading stage which would give Film Ranch "fair notice of what the . . . the claim is and the grounds upon which it rests." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). Specifically, the Amended Complaint fails to delineate a sufficient basis upon which Anonymity and Brainjacked are substantially similar, making it impossible for Film Ranch to answer or defend against Dodd's claim. *See Martinez v. McGraw*, No. 3:08-0738, 2010 WL 1493846, at *6 (M.D. Tenn. Apr. 14, 2010) (*citing Phillips v. Murdock*, 543 F. Supp. 2d 1219, 1227 (D. Haw. 2008)). Thus, based on the Amended Complaint, the Court can only conclude that Dodd seeks protection for the ideas from Anonymity rather than Dodd's original expression. *See Hill*, 2008 WL 115441, at *5 (dismissing complaint for failing to allege what specific aspects of the movie *Donnie Darko* infringed plaintiff's copyrighted work). Accordingly, the undersigned recommends that Film Ranch's Motion to Dismiss Plaintiff's Amended Complaint be granted with respect to copyright infringement (Count Four of the Amended Complaint).

### B. Dodd's Other Claims for Relief.

Film Ranch also moves to dismiss Dodd's other claims based on employment discrimination, breach of contract, theft, intentional infliction of harm and emotional distress, and perjury. (Dkt. No. 59 at 4-7.) The Court agrees that each of these claims are not supported by factual allegations and should be dismissed.

### 1. Count One - Employment Discrimination and Breach of Contract Claims.

Dodd asserts claims against Defendants (to include Film Ranch) under the Americans with Disabilities Act ("ADA") and for breach of contract under Count One of the Amended Complaint. (Dkt. No. 58 at 21.) The Court finds that Dodd fails to state a claim against Film Ranch for employment discrimination under the ADA as well as for breach of contract.

To establish a prima facie case of discrimination under the ADA, an individual must show that he: (1) has a disability; (2) is otherwise qualified for the position; and (3) was subjected to unlawful discrimination as the result of his disability. *Sutton v. Lader*, 185 F.3d 1203, 1207-08 (11th Cir.1999); *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). Here, there are no allegations that Dodd was ever an employee of Film Ranch such that Film Ranch might be subject to the ADA. Additionally, there are no allegations that a contract existed between Film Ranch and Dodd. *See J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So.2d 1048, 1049 (Fla. Dist. Ct. App. 2003) (stating that the elements of a breach of contract action under Florida law are: (1) a valid contract; (2) a material breach; and (3) damages). Therefore, the undersigned recommends that Film Ranch's Motion to Dismiss Plaintiff's Amended Complaint be granted with respect to Count One of the Amended Complaint.

### 2. Count Two - Theft of Property Claim.

Dodd also seeks relief pursuant to 18 U.S.C. § 2314, which is a criminal statute relating to "[t]ransportation of stolen goods, . . . , or articles used in counterfeiting." (Dkt. No. 58 at 21.) Again, the Amended Complaint fails to support such a claim, and in any event, § 2314 is a criminal statute that does not provide a private federal right of action. *See Crawford v. Adair*, No.

3:08CV281, 2008 WL 2952488, at *2 (E.D. Va. July 29, 2008); *Piorkowski v. Parziale*, No. 3:02CV00963, 2003 WL 21037353, at *8 (D. Conn. 2003); *Cooper v. N. Jersey Trust Co. of Ridgewood, N. J.*, 250 F. Supp. 237, 243 (D.C.N.Y. 1965). Therefore, the undersigned recommends that Count Two of the Amended Complaint also be dismissed.

### 3. Count Three - Intentional Infliction of Harm and Emotional Distress Claim.

Count Three of the Amended Complaint seeks relief under 42 U.S.C. §§ 1981 and 1983 of the Civil Rights Act, for harm and emotional distress caused by Defendants (to include Film Ranch). (Dkt. No. 58 at 22.) The Court finds that the Amended Complaint fails to state a claim for relief on these grounds.

To state a claim under 42 U.S.C. § 1981, the Amended Complaint must plead facts demonstrating: (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *White v. Fla. Highway Patrol*, 928 F. Supp. 1153, 1157 (M.D. Fla. 1996).

To recover under 42 U.S.C. § 1983, there must be a showing of state action. Merely private conduct, no matter how wrongful, is not actionable under § 1983. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). Therefore, to state a claim under 42 U.S.C. § 1983, the Amended Complaint must contain factual allegations that some person, acting under color of state law, deprived Dodd of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." *See White*, 928 F. Supp. at 1157 (*citing* 42 U.S.C. § 1983).

Here, the Amended Complaint fails to state a claim under either 42 U.S.C. §§ 1981 or 1983. Dodd fails to allege that he is a member of a protected class or that he was intentionally discriminated against due to his race by Defendants. Additionally, Dodd does not allege that he was employed by Film Ranch or that Film Ranch was acting under color of state law. Therefore, the undersigned recommends that Dodd's claims for relief in Count Two of the Amended Complaint, based on 42 U.S.C. §§ 1981 and 1983, be dismissed.

### 4. Count Five - Perjury Claim.

Dodd's final count in the Amended Complaint seeks punitive damages pursuant to 18 U.S.C. § 1623, which is a criminal statute relating to false declarations before a court. (Dkt. No. 58 at 22.) Like Dodd's theft of property claim in count two of the Amended Complaint, Dodd's claim under 18 U.S.C. § 1623 is based on a criminal statute that does not provide for a private federal right of action. *See Fuller v. Unknown Officials From the Justice Dept. Crime Div.*, No. 10-5112, 2010 WL 2930254, at *1 (D.C. Cir. July 22, 2010) (stating that no private cause of action exists for perjury or false declarations); *Fabbri v. Sheraton Plaza La Reina Hotel*, No. 91-55090, 1992 WL 45773, at *1 (9th Cir. Mar. 4, 1992) (stating that § 1623 "does not create, explicitly or implicitly, any civil liability"). Therefore, the undersigned recommends that Count Five of the Amended Complaint be dismissed.

### C. **Dismissal of the Amended Complaint**.

The undersigned has found that Dodd fails to state a claim for relief against Film Ranch on any of the Counts alleged in the Amended Complaint. Therefore, the undersigned

recommends that Film Ranch's Motion to Dismiss Plaintiff's Amended Complaint be granted and recommends that the Amended Complaint be dismissed in its entirety as to Film Ranch.

Additionally, because the undersigned has recommended that Dodd's claims are due to be dismissed against Film Ranch, the undersigned has undertaken a review of the Amended Complaint to determine whether Dodd's remaining claims state a claim against the other named Defendants.[6] *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, *the court shall dismiss the case at any time if* the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . .") (emphasis added). For the reasons explained below, the Court finds that the Amended Complaint fails to state a claim for relief against any of the Defendants, which might give rise to federal jurisdiction. Additionally, because diversity does not exist between the parties, the undersigned recommends that this Court decline to retain supplemental jurisdiction over any claims that might remain, because they are premised on state law.

First, the Court notes that Dodd seeks relief from each of the Defendants generally in each of the five Counts in the Amended Complaint. With respect to Dodd's claim for relief for employment discrimination under the ADA, there are no allegations that Dodd was ever an employee of any of the Defendants such that the ADA is applicable to this case. Therefore, Dodd fails to state a claim under the ADA.

---

[6] The Court notes that Defendants Woods and Elfstrom have not filed an answer to the Amended Complaint. Defendants Woods and Elfstrom filed answers (Dkt. Nos. 10, 23) to the original Complaint, however, those pleadings are no longer operative in light of the Amended Complaint.

Dodd also fails to state a claim for relief for copyright infringement against any of the named Defendants for the same reasons stated above in Part III.A. Further, Dodd cannot state a claim for relief against any of the named Defendants based on the criminal statutes (18 U.S.C. §§ 1623, 2314) identified in Counts Two and Five of the Amended Complaint. Finally, Dodd fails to state a claim for relief for harm and emotional distress caused by Defendants under 42 U.S.C. §§ 1981 and 1983 of the Civil Rights Act, for the same reasons stated in Part III.B.3. Accordingly, the undersigned recommends that these federal claims (the claim of employment discrimination under the ADA in Count One, and Counts Two through Five of the Amended Complaint) also be dismissed as to Defendants Woods and Elfstrom.

The only other remaining claims are for breach of contract against Defendants Woods and Elfstrom, under Count One of the Amended Complaint. The Court need not decide whether Dodd properly states a claim for breach of contract against these Defendants, however. If all other claims against Defendants Woods and Elfstrom are dismissed, only breach of contract claims premised on state law between non-diverse parties, would exist.

Under 18 U.S.C. § 1367, courts may decline to exercise supplemental jurisdiction over state claims where it has dismissed all the underlying federal claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). In making this determination, the Court should consider factors such as "comity, judicial economy, convenience, fairness, and the like." *See Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (*quoting Roche v. John Hancock Mut. Life Ins. Co.* 81 F.3d 249, 257 (1st Cir. 1996)). Although this decision is discretionary, the dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial. *Hunt v.*

*City of Mulberry*, 173 F. Supp. 2d 1288, 1294 (M.D. Fla. 2001) *(citing Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997). Where the court declines to exercise supplemental jurisdiction over such claims, the claims should be dismissed without prejudice so they can be refiled in the appropriate state court. (*Id.*)

Here, the Court finds that Dodd fails to state a claim for relief against any of the Defendants based on any federal claim over which this Court has original jurisdiction. In the interest of judicial economy and convenience, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over any state law claims for breach of contract against Defendants Woods and Elfstrom that may exist.

### IV. Conclusion

Accordingly, it is **RECOMMENDED** for the foregoing reasons that this case be **DISMISSED** in accordance with the following:

(1) Defendant Film Ranch International Inc.'s Motion to Dismiss (Dkt. No. 59) be **GRANTED** and all claims against it be **DISMISSED**;

(2) Plaintiff Dodd's claim of employment discrimination under the ADA in Count One, and Counts Two through Five of the Amended Complaint be **DISMISSED** as to Defendants Woods and Elfstrom, for failure to state a claim upon which relief may be granted; and

(3) The Court **DECLINE** supplemental jurisdiction over Plaintiff Dodd's state law claims for breach of contract against Defendants Wood and Elfstrom in Count

One of the Amended Complaint, and that those claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO REPORTED** at Tampa, Florida, this 31st day of August, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

**Copies furnished to:**

Honorable James D. Whittemore

Counsel of Record

*Pro se* parties